Calvin GEYEN, Jr., Plaintiff-Appellant,

v.

John O. MARSH, Jr., Secretary of the United States Army, Defendant-Appellee.

No. 84–4607.

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1985.

Lonnie R. Smith, Bobbie J. Ross, Lake Charles, La., for plaintiff-appellant.

Barton F. Stichman, Washington, D.C., for Vietnam Veterans of America, amicus curiae.

Joseph S. Cage, U.S. Atty., D.H. Perkins, Jr., Shreveport, La., Wayne H. Price, Litigation Atty., Dept. of the Army, Dept. of the Judge Advocate Gen., HQDA, (DAJA–LTM), Marshall M. Kaplan, Washington, D.C., for defendant-appellee.

Before CLARK, Chief Judge, THORNBERRY and JONES, Circuit Judges.

## OPINION

THORNBERRY, Circuit Judge:

Appellant Calvin Geyen filed suit in the United States District Court for the Western District of Louisiana seeking to have his Army discharge upgraded from undesirable to honorable. He alleges (1) that the Army violated the Constitution and its own regulations in involuntarily activating him in 1969 and twice denying him a hardship discharge in 1970, and (2) that the decision of the Army Board for Correction of Military Records (ABCMR)[1] denying him an upgraded discharge was arbitrary, capricious, unsupported by substantial evidence, and erroneous as a matter of law. The district court granted appellees' motion to dismiss on grounds that Geyen's suit was barred by statute of limitation and by laches. *Geyen v. Marsh*, 587 F.Supp. 539 (W.D.La.1984). Geyen appeals the district court's order. We affirm in part, reverse in part, and remand to the district court for further consideration of Geyen's second claim.

## I. FACTS

Geyen enlisted in the United States Army Reserve in 1964 and served uneventfully until 1968. Early that year the Army notified Geyen that he had accumulated five or more unexcused absences from mandatory training assemblies and ordered him to active duty. For unknown reasons, the order was not executed. The Army issued Geyen new orders on February 25, 1969, and he reported to active duty on April 30, 1969. After a brief stint in Germany, Geyen was granted a compassionate reassignment and returned to Fort Polk, Louisiana.

In January 1970 Geyen requested a hardship discharge from the Army so that he could care for his ailing parents. The Army denied the request. Geyen reapplied in February 1970 and was again denied. While this second request was under consideration, Geyen went AWOL. He returned to military control in 1972. On August 14, 1972, Geyen requested that he be discharged from the Army in lieu of a court-martial. The Army gave Geyen an undesirable discharge on August 22, 1972.

On April 13, 1977, Geyen applied to the Department of Defense Discharge Review Program (Special) for an upgrade of his discharge. The Special Review Board denied relief on July 8, 1977, and notified Geyen of its decision on September 22, 1977. On December 12, 1978, the Department of Defense informed Geyen that he was entitled to a new review of his discharge.[2] Geyen petitioned the Army Dis-

---

1. Although we speak throughout of the Army Board for Correction of Military Records (ABCMR) and the Army Discharge Review Board (ADRB), we intend those terms to include similar boards established by other branches of the armed forces pursuant to 10 U.S.C. §§ 1552–1553.

2. In 1977 Congress enacted a law requiring the armed forces to establish uniform guidelines for ADRBs and to grant new reviews to all service-

men discharged under other than honorable conditions before the guidelines were established. Act of Oct. 8, 1977, Pub.L. No. 95–126, 91 Stat. 1106 (1977) (codified at 38 U.S.C. § 3103(e)(1) (1982)). In *Urban Law Institute of Antioch College, Inc. v. Secretary of Defense*, Civ. No. 76–0530 (D.D.C. Aug. 23, 1978), the court required the services to notify former servicemen of their right to a new review. Geyen received his notification pursuant to this court order.

charge Review Board (ADRB) for an upgrade on December 17, 1979. After a hearing, the ADRB found against Geyen. The Board notified him of its decision on April 7, 1981, and informed him of his right to seek further review from the ABCMR. On February 26, 1982, Geyen petitioned the ABCMR for an upgrade. The ABCMR denied relief without a hearing on July 28, 1982, and informed Geyen of its decision on August 26, 1982. Geyen filed suit in the district court on August 24, 1983. He does not seek any monetary relief.

## II. STATUTE OF LIMITATIONS

 At the outset we must draw a distinction between two avenues of relief available in federal court to a former serviceman seeking to upgrade his discharge. First, after exhausting his administrative remedies, he may seek declaratory and injunctive relief against his branch of the service, alleging that his discharge violated the Constitution, statute, or service regulations. *See Nichols v. Hughes,* 721 F.2d 657 (9th Cir.1983); *cf. Walters v. Secretary of Defense,* 725 F.2d 107 (D.C.Cir.1983) (not requiring exhaustion). Second, he may seek review of an adverse decision of the ADRB or ABCMR. A federal court may reverse a decision of these boards if it is arbitrary, capricious, or not supported by substantial evidence. *Chappel v. Wallace,* 462 U.S. 296, 103 S.Ct. 2362, 2367, 76 L.Ed.2d 586 (1983); *Hodges v. Callaway,* 499 F.2d 417, 423 (5th Cir.1974).

Geyen's complaint in the district court pursues both avenues of relief.[3] He alleges constitutional violations and procedural irregularities in his activation and in the denials of his hardship applications, and he

challenges the ABCMR's decision denying him relief in 1982. We consider separately the statute of limitations problems presented by these two causes of action.

### A. Geyen's Challenge to His Activation and the Denial of His Hardship Applications

Geyen's first cause of action presents two issues: First, does the six-year statute of limitations in 28 U.S.C. § 2401(a) (1982) govern this action? If so, when did Geyen's action accrue for purposes of § 2401(a)?

#### 1. Application of the Six-Year Statute of Limitations

Amicus[4] argues that § 2401(a) does not apply to this action because the statute governs only actions for damages under the Tucker Act, 28 U.S.C. § 1346(a)(2), and because Geyen's action is not "against the United States." We reject both arguments.[5]

#### a. Section 2401(a) and the Tucker Act

Amicus offers considerable legislative history to support its contention that § 2401(a) applies only to Tucker Act actions. This history demonstrates, according to amicus, that the predecessor of § 2401(a) applied only to Tucker Act claims and that when Congress enacted § 2401(a) in 1948 as part of the Judicial Code, it intended to retain this restriction. Several federal courts have rejected the argument that § 2401(a) applies only to Tucker Act actions. *See Christensen v. United States,* 755 F.2d 705, 707 (9th Cir.1985); *Walters,* 725 F.2d at 111–14; *Impro Products, Inc. v. Block,* 722 F.2d 845, 850 n. 8

---

**3.** Although in his brief to this Court Geyen hints that he seeks review only of the ABCMR's decision, his complaint in the district court challenges his activation order and the denials of his hardship applications as well. Indeed, the district court detected four distinct claims in Geyen's complaint: improper activation in 1969, improper denial of his hardship applications in 1970, improper discharge in 1972, and improper denial of relief by the ABCMR in 1982. We construe Geyen's complaint liberally so as to do "substantial justice." Fed.R.Civ.P. 8(f).

**4.** Amicus curiae Vietnam Veterans of America submitted a brief and a reply brief to this Court.

**5.** Although amicus characterizes Geyen's action as solely for review of the ABCMR's decision, a conclusion that we do not accept, *see supra* note 3, its arguments against application of § 2401(a) apply equally to any suit seeking review of federal agency action and requesting nonmonetary relief.

(D.C.Cir.1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 327, 83 L.Ed.2d 264 (1984); *Werner v. United States,* 188 F.2d 266, 268 (9th Cir.1951).

■ Moreover, amicus' analysis of § 2401(a)'s legislative history, although extensive, is incomplete. The Federal Rules of Civil Procedure, adopted in 1938, accomplished the merger of law and equity. Fed. R.Civ.P. 1, 2. Congress undoubtedly took account of this merger when it replaced the word "suit" in the statutory predecessor of § 2401(a) with the phrase "every civil action" in the current statute. *See Saffron v. Department of the Navy,* 561 F.2d 938, 946 (D.C.Cir.1977) (McGowan, J., concurring), *cert. denied,* 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1978); *Werner,* 188 F.2d at 268. This change in language indicates Congress' intent that § 2401(a) apply to both legal and equitable actions. Thus, we reject amicus' contention that § 2401(a) applies only to Tucker Act actions.

### b. *Action Against the United States*

Amicus argues that an action such as Geyen's against a federal official alleging that the official has acted unlawfully and seeking injunctive relief is not an "action ... against the United States" within the meaning of § 2401(a). Before 1976 this *ultra vires* theory might have been valid; to avoid the bar of sovereign immunity, courts indulged in the fiction that a federal official acting in violation of the Constitution or beyond his statutory powers was acting for himself only and not as an agent of government. *See, e.g., Dugan v. Rank,* 372 U.S. 609, 621–22, 83 S.Ct. 999, 1007, 10 L.Ed.2d 15 (1963); *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 689–90, 69 S.Ct. 1457, 1461–62, 93 L.Ed. 1628 (1949).

In 1976, however, Congress waived sovereign immunity for suits seeking nonmonetary relief through nonstatutory judicial review of agency action. Act. of Oct. 21, 1976, Pub.L. No. 94–574, § 1, 90 Stat. 2721, 2721 (codified at 5 U.S.C. § 702 (1982)). The principal purpose of this amendment was to do away with the *ultra vires* doctrine and other fictions surrounding sovereign immunity. As the House Report notes, "Actions challenging official conduct are intrinsically against the United States and are now treated as such for all practical purposes." H.R.Rep. No. 1656, 94th Cong., 2d Sess. 11 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad.News 6121, 6131.

■ Were we to hold, as amicus urges, that Geyen's action is not against the United States, we would revive the technical complexities that Congress sought to eliminate in 1976. We decline to do so. We hold that Geyen's action challenging his activation and the denial of his hardship applications is against the United States and subject to § 2401(a)'s six-year limitation.

### 2. *Accrual of the Right of Action*

Geyen contends that his first cause of action accrued in 1982 when he exhausted his administrative remedies. He notes that this Court requires exhaustion of administrative remedies before military action may be reviewed in federal court, *Hodges v. Callaway,* 499 F.2d 417, 419–20 (5th Cir. 1974), and cites cases in which other courts requiring exhaustion have held that a serviceman's action challenging his discharge accrues when the ABCMR takes its final action. *Lichtenfels v. Orr,* 604 F.Supp. 271, 276 (S.D.Ohio 1984); *Kaiser v. Secretary of the Navy,* 525 F.Supp. 1226, 1229–30 (D.Colo.1981).

Appellees urge that Geyen's action accrued, at the latest, in 1972 when he was discharged. They acknowledge the exhaustion requirement, but contend that the proper approach is to toll the statute of limitations while agency proceedings are pending. They point to several cases that have adopted this approach. *Nichols,* 721 F.2d at 660; *Mosley v. Secretary of the Navy,* 522 F.Supp. 1165, 1167 n. 5 (E.D.Pa. 1981), *aff'd mem.,* 688 F.2d 823 (3d Cir. 1982).

Section 2401(a) must be read "with due regard to those practical ends which are to be served by any limitation of the time

within which an action must be brought." *Crown Coat Front Co. v. United States*, 386 U.S. 503, 517, 87 S.Ct. 1177, 1185, 18 L.Ed.2d 256 (1967) (quoting *Reading Co. v. Koons*, 271 U.S. 58, 62, 46 S.Ct. 405, 406, 70 L.Ed. 835 (1926)). The principal purpose of statutes of limitations is to "protect defendants and courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise." *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979).

▮ Were we to find that Geyen's challenge to his activation and the denial of his hardship applications accrued in 1982 when the ABCMR decided not to upgrade his discharge, we would defeat the purpose of § 2401(a)'s six-year limitation. The district court found that records concerning Geyen's case are missing and noted the difficulty in reconstructing events surrounding his activation and the denial of his hardship applications. Moreover, the ABCMR may "in the interest of justice" review and correct any military record, no matter how long ago the alleged error or injustice occurred. 10 U.S.C. § 1552(b) (1982); *see, e.g., Ballenger v. Marsh*, 708 F.2d 349 (8th Cir.1983) (ABCMR considers petition in 1959 to remedy alleged injustice that occurred in 1923). Under Geyen's theory, a serviceman dishonorably discharged in 1985 could petition the ADRB for an upgrade within fifteen years, 10 U.S.C. § 1553(a) (1982), seek review from the ABCMR twenty years later "in the interest of justice," and then, having exhausted his

administrative remedies, seek review of the 1985 discharge in federal court within six years of the ABCMR's decision. Thus, in the year 2026 a federal court could find itself entertaining an action involving events that occurred in 1985.

▮ We reject the rule that Geyen proposes. We hold that Geyen's first cause of action accrued, at the latest, upon his discharge in 1972. Although we agree with the Ninth Circuit that the statute of limitations should be tolled when a serviceman is exhausting his remedies before military review boards, *Nichols*, 721 F.2d at 660, the tolling does not help Geyen. Between his discharge in 1972 and his complaint in the district court in 1983, more than seven years elapsed during which he was not before any military review board and was not under any disability that would toll the running of the statute. We hold, therefore, that Geyen's first cause of action is barred by § 2401(a)'s six-year limitation.

### B. *Geyen's Challenge to the ABCMR's Decision*

▮ Geyen alleges that the ABCMR's 1982 decision denying him an upgraded discharge was arbitrary, capricious, unsupported by substantial evidence, and erroneous in law. We have no doubt that this cause of action is distinct from the first, in which Geyen challenges his activation and the Army's denials of his hardship applications. Neither action depends upon the other for its vitality. *See Oppenheim v. Campbell*, 571 F.2d 660, 663 (D.C.Cir.1978). The two actions seek review of different final administrative orders.[6] Moreover, the

---

6. A federal court may review only "final agency action," with limited exceptions. 5 U.S.C. § 704 (1982). A final agency action is one that imposes an obligation, denies a right, or fixes a legal relationship. *United States Department of Justice v. Federal Labor Relations Authority*, 727 F.2d 481, 493 (5th Cir.1984). Moreover, an agency action otherwise final is final "whether or not there has been presented or determined an application ... for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency

authority." 5 U.S.C. § 704. Under these standards, the Army's activation of Geyen and its denial of his hardship applications were "final agency action," regardless of his right to seek administrative review, because these actions imposed obligations on him and denied him the right to leave the Army. The ABCMR's decision fixes Geyen's legal relationship with the Army and is also a final action.

It is important to distinguish the doctrines of finality and exhaustion. Exhaustion of administrative remedies, a requirement in this circuit before a federal court may review an action by

issue in an action challenging denial of a hardship discharge is whether the service acted in accordance with regulations in effect at the time of the denial. On review, however, the ADRB must consider subsequent policies and procedures more favorable to the serviceman. *See* 32 C.F.R. § 70.9(c)(1) (1984). The ABCMR, in determining whether "error or . . . injustice" has been committed, 10 U.S.C. § 1552(a) (1982), must determine whether the ADRB has properly applied the new standards. Thus, the court's task in reviewing the two orders may be quite different.

Other courts considering suits such as Geyen's have treated the two causes of action as distinct. *See Bittner v. Secretary of Defense*, Civ. No. 84–1730 (D.D.C. June 13, 1985); *Schmidt v. United States*, No. C–83–3834 JPV (N.D.Cal. Apr. 25, 1984); *cf. Walters*, 725 F.2d at 115 (leaving issue open); *Nichols*, 721 F.2d at 660 (where plaintiff does not challenge Board's decision as arbitrary or capricious, no new cause of action accrues); *see also Oppenheim*, 571 F.2d at 663 (finding APA review to be distinct cause of action in nonmilitary context).

█ As we have noted, the six-year statute of limitations in § 2401(a) applies to suits seeking nonmonetary relief through nonstatutory review of agency action. The issue, therefore, is when Geyen's second cause of action accrued. We hold that it accrued at the time of the ABCMR's decision in 1982. *See Impro Products*, 722 F.2d at 850. Consequently, the action is not time barred.

Appellees contend that Geyen's action for review of the ABCMR's decision accrued not in 1982, as we hold, but at the time of his discharge in 1972. The case upon which they principally rely, however—*Walters*—dealt solely with an action

directly challenging a discharge. The *Walters* court expressly declined to address the limitations applicable to actions for review of ABCMR decisions. 725 F.2d at 115.

Moreover, the problems that would arise if we were to find that Geyen's first cause of action accrued when the ABCMR rendered its decision in 1982—missing or destroyed documents and records—are not present here. Review of agency action under § 706(2)'s "arbitrary or capricious" standard is limited to the record before the agency at the time of its decision. *See Florida Power & Light Co. v. Lorion*, —— U.S. ——, 105 S.Ct. 1598, 1607, 84 L.Ed.2d 643 (1985); 5 U.S.C. § 706 (1982). The year that elapsed between the ABCMR's decision and the filing of Geyen's suit did not offer a significant opportunity for the record before the Board to disappear or be lost.

Finally, establishing the date of discharge as the point of accrual for review of an ABCMR decision denying an upgrade would leave some Board decisions immune from judicial review. Any time a former serviceman waited more than six years to seek an upgraded discharge from the ADRB and the ABCMR, the decisions of those bodies could not be reviewed. This would be so even though the serviceman had sought relief well within the 15 years permitted for petitioning the ADRB and the three years for a further petition to the ABCMR.

The Supreme Court has held that agency action should be subject to judicial review unless there is clear and convincing evidence that Congress intended otherwise. *See Dunlop v. Bachowski*, 421 U.S. 560, 567, 95 S.Ct. 1851, 1857–58, 44 L.Ed.2d 377 (1975); *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136 (1971). We do not find

the military, is aimed at "allowing the military an opportunity to fully exercise its own expertise and discretion prior to any civilian court review." *Von Hoffburg v. Alexander*, 615 F.2d 633, 638 (5th Cir.1980). Thus, exhaustion is concerned with *when* in the administrative process a court may interject itself. Finality, although closely related to exhaustion, concerns

*what* agency actions are reviewable, regardless of when they may be reviewed. It is not inconsistent, therefore, for this Court to find that the Army's activation of Geyen and its refusal to grant him a hardship discharge were final agency actions, but that the actions could not be reviewed until Geyen had exhausted his administrative remedies.

evidence in either the language or the legislative history[7] of 10 U.S.C. § 1552 that Congress intended to immunize ABCMR decisions rendered on petitions presented more than six years after the underlying events occurred.

We hold that Geyen's second cause of action was not barred by § 2401(a)'s six-year limitation.

### III. LACHES

 The district court found that Geyen's suit is barred not only by the statute of limitations, but also by the doctrine of laches. Because we have found that Geyen's first cause of action is barred by the statute of limitations, we need not consider whether it is also barred by laches. We find, however, that the district court abused its discretion in holding that Geyen's second cause of action is barred by laches.

 To establish that a plaintiff's cause of action is barred by laches, the defendant must show (1) a delay in asserting the right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the defendant. *Baylor University Medical Center v. Heckler,* 758 F.2d 1052, 1057 (5th Cir.1985). The question whether laches should apply is normally committed to the trial court's discretion. *Albertson v. T.J. Stevenson & Co.,* 749 F.2d 223, 233 (5th Cir.1984). The district court's findings of delay, inexcusability, and prejudice are findings of fact that can be overturned only if they are clearly erroneous. *See In re Bohart,* 743 F.2d 313, 325 n. 12 (5th Cir.1984); Fed.R.Civ.P. 52(a). A finding of fact is clearly erroneous if in view of the entire record it is "illogical or implausible." *Anderson v. City of Bes-*

*semer City,* —— U.S. ——, 105 S.Ct. 1504, 1513, 84 L.Ed.2d 518 (1985).

The district court clearly erred both in finding Geyen's delay inexcusable and in finding that the delay prejudiced appellees. To support its conclusion of inexcusability, the district court relied exclusively upon a presumption that a delay which exceeds the applicable statute of limitations is inexcusable.[8] Because in its view Geyen had waited beyond the six-year statute of limitations, the court found his delay inexcusable. In light of our conclusion that Geyen's second cause of action accrued in 1982, only one year before he filed suit, the district court's use of the presumption to shift the burden of proof to Geyen was improper. Absent any showing of inexcusability by appellees, we conclude that the district court's finding was implausible.

The district court improperly relied on a similar presumption in finding that appellees were prejudiced by Geyen's delay. In addition, the court stated that "[r]ecords surrounding plaintiff's case are missing and it may be impossible now to find witnesses necessary to defend this lawsuit. Any witnesses who might be found could hardly be expected to recall administrative acts some 15 years ago." 587 F.Supp. at 542. As we have already noted, however, a district court's review of agency action under the "arbitrary or capricious" standard is limited to the record before the agency when it made its decision. The appellees do not assert that the record before the ABCMR when it denied Geyen relief in 1982 is missing or that it has become incomplete during the year that Geyen waited to file suit. Again we must conclude that the district court's misunderstanding of the relevant legal principles caused it to

---

7. The only legislative history cited by appellees is a cryptic comment in the House Report accompanying the bill that established the ABCMR that judicial review of ABCMR decisions is permissible under "appropriate circumstances." H.R.Rep. No. 449, 82d Cong., 1st Sess. 3 (1951). This remark hardly constitutes clear and convincing evidence that Congress intended to insulate from judicial review ABCMR actions begun more than six years after discharge.

8. We express no opinion as to the propriety of the presumption applied by the district Court. *Cf. Studiengesellschaft Kohle v. Eastman Kodak Co.,* 616 F.2d 1315, 1326 (5th Cir.) (applying similar presumption in patent infringement case), *cert. denied,* 449 U.S. 1014, 101 S.Ct. 573, 66 L.Ed.2d 473 (1980). We merely note that the court's misunderstanding of the statute of limitations question caused it to apply the presumption incorrectly in this case.

make a factual finding that we consider implausible. Applying the correct principles, we find no indication that appellees were prejudiced. We hold, therefore, that Geyen's action for review of the ABCMR's decision is not barred by laches.

## IV. CONCLUSION

We hold that Geyen's action alleging that he was improperly activated and denied a hardship discharge is barred by § 2401(a)'s six-year statute of limitations. Geyen's action challenging the ABCMR's decision denying him an upgraded discharge is barred neither by statute of limitations nor by the doctrine of laches. We affirm in part, reverse in part, and remand to the district court for further consideration of Geyen's second claim.