**James B. SMITH, Plaintiff-Appellee,**

v.

**John O. MARSH, Jr., Secretary of the Army, et al., Defendants-Appellants.**

No. 85–1814.

United States Court of Appeals, Tenth Circuit.

March 26, 1986.

Major Wayne H. Price, Office of The Judge Advocate General, Dept. of Army (Lieutenant Colonel Joyce E. Peters, Office of The Judge Advocate General, Dept. of Army, Richard K. Willard, Asst. Atty. Gen., Dept. of Justice, and Robert N. Miller, U.S. Atty., D. of Colo., with him on briefs), Washington, D.C., for defendants-appellants.

Alan H. Friedman, Boulder, Colo., and Barton F. Stichman of Vietnam Veterans of America Legal Services, Washington, D.C., for plaintiff-appellee.

Before BARRETT, McKAY and TACHA, Circuit Judges.

McKAY, Circuit Judge.

John Smith received an undesirable discharge from the United States Army on January 4, 1972. More than eight years later, on August 25, 1980, Mr. Smith applied to the Army Discharge Review Board [1] to have his discharge upgraded to

---

1. The Army Discharge Review Board (ADRB) is an administrative body created by the Secretary of the Army pursuant to 10 U.S.C. § 1553. It is in power to review and change, if warranted, the character of a discharge and/or the reason for a discharge. Its procedures and rules are published at 32 C.F.R. § 581.2 (1985).

honorable. The ADRB voted unanimously to deny relief to Mr. Smith. Mr. Smith then applied to the Army Board for Correction of Military Records[2] also seeking to have his discharge upgraded. On November 9, 1983, the ABCMR denied Mr. Smith relief. In March 1984, Mr. Smith filed suit in the United States District Court for the District of Colorado seeking to have his undesirable discharge upgraded to honorable. In Mr. Smith's first claim for relief, he sought a declaration from the court that the Army, in 1971, had wrongfully denied his conscientious objector application, and had violated his constitutional and regulatory rights. In Mr. Smith's second claim for relief, he sought a declaration that the ABCMR and the ADRB unlawfully refused to upgrade his discharge.

The Army moved to dismiss the entire complaint as barred by the statute of limitations contained in 28 U.S.C. § 2401(a). The trial court held that Mr. Smith's first claim for relief (the direct attack upon his discharge) was time-barred, but that Mr. Smith's second claim for relief (the challenge to the ABCMR and ADRB decisions) was not. Thereafter, the Army moved to dismiss the complaint or, alternatively, for summary judgment on the grounds, *inter alia*, that the suit was barred by the doctrine of laches, and that the decisions of the ABCMR and the ADRB were not arbitrary, capricious, unsupported by substantial evidence nor contrary to law. Mr. Smith opposed the Army's motion and cross-moved for summary judgment. The trial court concluded that the decision of the ABCMR was arbitrary and capricious because it was not based on substantial evidence and because the Board failed to follow its own policy and regulatory guidelines. The trial court ordered the Army to issue Mr. Smith an honorable discharge.

▮ We agree with the trial court's determination that Mr. Smith's first claim for relief is barred by 28 U.S.C. § 2401(a).

However, with respect to the Army's contention that Mr. Smith's action challenging the decisions of the ABCMR and the ADRB is time-barred, we agree with and adopt the reasoning of the Fifth Circuit in its recent decision *Geyen v. Marsh*, 775 F.2d 1303 (5th Cir.1985), a case the Army characterizes as "practically indistinguishable on its facts from this case." Brief for Appellant at 32. Geyen was discharged with an undesirable discharge in 1972 at his request and in lieu of a court martial because of an extended AWOL. More than six years later, he applied to both the ADRB and the ABCMR to have his discharge upgraded to honorable. Mr. Geyen alleged that he was improperly activated and denied a hardship discharge. He also challenged the ABCMR decision denying him an upgraded discharge. The Fifth Circuit viewed Mr. Geyen's challenges as distinct causes of action:

> Geyen alleges that the ABCMR's 1982 decision denying him an upgraded discharge was arbitrary, capricious, unsupported by substantial evidence, and erroneous in law. We have no doubt that this cause of action is distinct from the first, in which Geyen challenges his activation and the Army's denial of his hardship applications. Neither action depends upon the other for its vitality. *See Oppenheim v. Campbell*, 571 F.2d 660, 663 (D.C.Cir.1978). The two actions seek review of different final administrative orders. Moreover, the issue in an action challenging denial of a hardship discharge is whether the service acted in accordance with regulations in effect at the time of denial. On review, however, the ADRB must consider subsequent policies and procedures more favorable to the serviceman. *See* 32 C.F.R. § 70.-9(c)(1) (1984). The ABCMR, in determining whether "error or ... injustice" has been committed, 10 U.S.C. § 1552(a)

---

2. The Army Board for Correction of Military Records (ABCMR) is an administrative body composed of civilians and is established pursuant to 10 U.S.C. § 1552. That statute provides that the Secretary of the Army, acting through the ABCMR, may correct any military record when he considers it necessary to correct an error or remove an injustice. The policies, procedures, and governing rules of the ABCMR may be found at 32 C.F.R. § 581.3 (1985).

(1982), must determine whether the ADRB has properly applied the new standards. Thus, the court's task in reviewing the two orders may be quite different.

Other courts considering suits such as *Geyen*'s have treated the two causes of action as distinct. *See Bittner v. Secretary of Defense* [625 F.Supp. 1022], Civ. No. 84–1730 (D.D.C. June 13, 1985); *Schmidt v. United States*, No. C–83–3834 J.P.V. (N.D.Cal. Apr. 25, 1984); *cf. Walters* [*v. Secretary of Defense*], 725 F.2d [107] at 115 [D.C.Cir.1983] (leaving issue open); *Nichols* [*v. Hughes*], 721 F.2d [657] at 660 [9th Cir.1983] (where plaintiff does not challenge Board's decision as arbitrary or capricious, no new cause of action accrues); *see also Oppenheim*, 571 F.2d at 663 (finding APA review to be distinct cause of action in nonmilitary context).

As we have noted, the six-year statute of limitations in § 2401(a) applies to suits seeking nonmonetary relief through nonstatutory review of agency action. The issue, therefore, is when Geyen's second cause of action accrued. We hold that it accrued at the time of the ABCMR's decision in 1982. *See Impro Products* [*v. Block*], 722 F.2d [845] at 850 [D.C. Cir.1983]. Consequently, the action is not time barred.

775 F.2d at 1308, 1309 (footnote omitted). Consistent with this reasoning, we hold that Mr. Smith's cause of action challenging the ABCMR decision accrued at the time of that decision in 1983. Therefore, this action is not time barred.[3]

█ Having reviewed the arguments of both parties and the record, we agree with the trial court that the ABCMR decision was arbitrary and capricious and unsupported by substantial evidence.

AFFIRMED.

---

**3.** Regarding *Geyen v. Marsh, supra,* we understand that a "petition for rehearing with a suggestion for en banc consideration" has been filed. Notwithstanding potential rehearing of the case, we agree with the panel's decision as presently written. We also note and decline to follow *Hurick v. Lehman,* 782 F.2d 984, 986–987 (Fed.Cir.1986).