**Johnny J. BANKS, et al., Plaintiffs,**

**v.**

**COMMANDER OF DETACHMENT 1, FIRST BATTALION (M) of the 121st INFANTRY of the GEORGIA ARMY NATIONAL GUARD, et al., Defendants.**

**Civ. A. No. 92–26–3–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

Sept. 9, 1992.

H. Christopher Coates, Milledgeville, Ga., for plaintiffs.

Jeffrey L. Milsteen, Atlanta, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Before the court is defendants' motion to dismiss and plaintiffs' motion to amend their complaint. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## FACTS

Plaintiff Banks was released from the United States Army after six years of active duty in August, 1958. He attempted to join the Georgia Army National Guard in Milledgeville, Georgia, ("Milledgeville Unit") but was not considered for membership because he was black. He was permitted to join the Milledgeville Unit eighteen years later in March, 1976. He served in the Unit until January 13, 1986, when he was honorably discharged on the grounds that he was medically unfit. At the time of his discharge, white members of the Unit with medical conditions equally or more severe than plaintiff's condition were not discharged. Because plaintiff was denied entry from 1958–76, he had not served enough years to be eligible for military retirement benefits when he was discharged.

Plaintiff Wilson was released from the United States Army after five years of active duty in February, 1967. He attempted to join the Milledgeville Unit in 1967, but was not considered for membership because he was black. He was finally permitted to join the Unit ten years later in March, 1977. He was honorably discharged in February, 1986 on the grounds that he was medically unfit. At the time of his discharge, white members of the Unit whose medical conditions were equally or more severe than plaintiff's condition were not discharged. Because he was denied entry into the Unit from 1967–77, plaintiff had not served enough years to be eligible for military retirement benefits when he was discharged.

After they were discharged, plaintiffs filed complaints with the Army Board for Correction of Military Records ("ABCMR"). They alleged that their 1986 discharges were based upon racial discrimination and that they were denied an opportunity to qualify for retirement benefits when they were not permitted to enter the Milledgeville Unit between 1958 and 1977. In September, 1991, plaintiff Wilson was notified by the ABCMR that his application had been denied. Plaintiff Banks received a similar notice in October, 1991.

Plaintiffs filed this action on January 12, 1992, in which they seek compensatory and punitive damages and injunctive relief from defendants in their official capacities for violation of their rights under the fourteenth amendment. In Count I, they challenge defendants' acts in denying them entry into the Milledgeville Unit, and in Count II, they challenge their discharge on medical grounds. Both counts allege racial discrimination. They specifically seek to be reinstated to their positions in the Milledgeville Unit and to recover backpay.

## DISCUSSION

Plaintiffs concede that they are barred from seeking damages from defendants under *Chappell v. Wallace,* 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983) and *United States v. Stanley,* 483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987). Thus, the only question before the court is whether plaintiffs are barred from seeking injunctive relief against these defendants as well.

Plaintiffs allege in Count I that defendants racially discriminated against plaintiffs when they were denied entry into the Milledgeville Unit in 1958 and in 1967. Defendants contend that this claim is barred by the statute of limitations. Plaintiffs' claim was brought pursuant to 42 U.S.C. § 1983, and a two-year statute of limitations applies to § 1983 claims brought in Georgia.[1] *Mullinax v. McElhenney,* 817 F.2d 711 (11th Cir.1987).

Plaintiffs argue that this claim was tolled until 1991, when their complaint was denied by the ABCMR. They rely upon *Geyen v. Marsh,* 775 F.2d 1303 (5th Cir. 1985), which holds that a serviceman's statute of limitations period is tolled while he is exhausting his intraservice administrative remedies. However, Count I addresses conduct that occurred in 1958 and in 1967,

---

1. Plaintiffs contend that a six-year statute of limitations applies to their claims as set forth in 28 U.S.C. § 2401(a). However, this statute of limitations only applies to claims brought against the United States.

and plaintiffs did not file their complaints with the ABCMR until 1986. Nothing occurred during the period between 1958 and 1986 that would serve to toll the statute. Accordingly, Count I of plaintiffs' complaint must be dismissed.

In Count II, plaintiffs allege that defendants discriminated against them when they were discharged from the Milledgeville Unit in 1986. Defendants agree that the statute of limitations on this claim was tolled until 1991, when plaintiffs' ABCMR complaints were denied.

■ However, defendants contend that plaintiffs' claim for injunctive relief is nonjusticiable and should consequently be dismissed. Because there is no Eleventh Circuit precedent on this issue, defendants rely upon *Watson v. Arkansas National Guard*, 886 F.2d 1004 (8th Cir.1989), to support this contention.

The facts in *Watson* are very similar to the case at bar. In *Watson*, the plaintiff had been discharged from the National Guard in an allegedly racially discriminatory manner. He filed a claim under § 1983 against various National Guard officers, seeking reinstatement and backpay. The Eighth Circuit held that plaintiff was precluded from seeking injunctive relief against the officers because plaintiff's claim "involve[d] a fact-specific inquiry into an area affecting military order and discipline" and was therefore nonjusticiable. *Id.* at 1010.

The Eighth Circuit based its decision upon *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), and later cases, which establish that military personnel may not bring actions for damages against superior officers. Because an intra-military action for injunctive relief raises the same concerns as an intra-military action for damages, the Eighth Circuit determined that the *Chappell* doctrine should be extended to injunctive relief claims. *See also Crawford v. Texas Army National Guard*, 794 F.2d 1034 (5th Cir. 1986).

The court specifically noted that military life is unique—it requires "unhesitating and decisive action by military officers and equally disciplined responses by enlisted personnel." *Watson*, 886 F.2d at 1008 (quoting *Chappell*, 462 U.S. at 304, 103 S.Ct. at 2367). This "'special nature of military life ... would be undermined by a judicially created remedy exposing officers to personal liability at the hands of those they are charged to command.'" *Id.*

The court could find no reason to distinguish between equitable relief claims and damage claims in the military setting:

> [A claim for] equitable relief ... would require a highly intrusive judicial inquiry into personnel decisions that bear upon the readiness of the military to perform its mission. Claims in civilian courts challenging personnel decisions of the military services have an undeniable potential for undermining military discipline and thus impairing training programs and operational readiness.... Further, judicial inquiry into claims [for injunctive relief] would thrust the courts into an area of responsibility extensively controlled by and constitutionally entrusted to the legislative and executive branches. Congress, acting pursuant to its constitutional authority, has established a comprehensive system to regulate military life. Allowing military personnel to seek to overturn military decisions by means of suits for injunctive relief in the civilian courts "would plainly be inconsistent with Congress' authority in this field." *Chappell*, 462 U.S. at 304, 103 S.Ct. at 2367.

*Watson*, 886 F.2d at 1008–09 (cites omitted).

This court agrees with the reasoning of the Eighth Circuit in *Watson*, and holds that plaintiffs' claims for injunctive relief against their military superiors are nonjusticiable. To allow plaintiffs to seek equitable relief against their superiors would be disruptive to military service, and federal courts should not preside over such claims. *See also Crawford v. Texas Army National Guard*, 794 F.2d 1034 (5th Cir. 1986); *Stinson v. Hornsby*, 821 F.2d 1537, 1541–43 (11th Cir.1987) (Henderson, J., concurring). Accordingly, Count II of plaintiff's complaint must be dismissed.

In their response to defendants' motion, plaintiffs have asked the court to permit them to amend their complaint to add a claim seeking review of the decision of the ABCMR. Although federal courts do have jurisdiction to review decisions of the ABCMR, *Geyen v. Marsh,* 775 F.2d 1303, 1309 (5th Cir.1985), such an amendment in these circumstances is improper. The remaining defendants, as members of the Milledgeville National Guard, have no connection to the ABCMR; therefore, they are not proper parties to an action seeking review of an ABCMR decision. The court suggests that plaintiffs file a new and separate action against the Secretary of the Army to accomplish this end.

In conclusion, defendants' motion to dismiss is GRANTED and plaintiffs' motion to amend is DENIED.

SO ORDERED.