FLORIDA KEYS CITIZENS COALITION, INC. and Public Employees For Environmental Responsibility, Inc., Plaintiffs,

v.

Togo D. WEST, Secretary of the U.S. Department of the Army, Joe N. Ballard, Lieutenant General, Commander of the U.S. Army Corps of Engineers, and the U.S. Army Corps of Engineers, Defendants.

No. 97–10004–CIV.

United States District Court, S.D. Florida.

Feb. 26, 1998.

Gregg Goldfarb, Miami, FL, for Plaintiff.

Lisa Hogan, Asst. U.S. Atty., Miami, FL, S. Randall Humm, U.S. Dept. of Justice, Environmental & Natural Resources Div., Environmental Defense Section, Washington, D.C., for Defendant.

## ORDER GRANTING IN PART AND DE-NYING IN PART DEFENDANTS' MOTION TO DISMISS

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court on Defendants' Motion To Dismiss, filed January 12, 1998. Plaintiffs filed a response on January 27, 1998.

### I. Background

Plaintiff Public Employees for Environmental Responsibility, Inc. is a non-profit corporation based in Washington, D.C., which represents "federal and state employees of pollution control and land management agencies who are frustrated by the failure of the responsible agencies to enforce the particular environmental law as charged." (Compl.¶ 3.) Plaintiff Florida Keys Citizens Coalition is a non-profit corporation based in Florida "dedicated to the protection of the Florida Keys environment." (*Id.* ¶ 4.) Plaintiffs have filed suit against the Army Corps of Engineers ("Corps"), its Commander, and the Secretary of the U.S. Army, alleging violations of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251–1387 (1994), the Endangered Species Act, 16 U.S.C. §§ 1531–1544 (1994), the Fish and Wildlife Coordination Act, 16 U.S.C. §§ 661–668 (1994), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–559, 701–706, 3105, 3344 (1994 & Supp.1997).

Specifically, Plaintiffs allege that Defendants violated the CWA by promulgating a regulation allowing for "after-the-fact permits" (Claim I). (*See* Compl. ¶ 13.) This regulation, codified at 33 C.F.R. § 326.3(e), allows for permits that provide retroactive authorization to individuals who discharge materials into U.S. waters, including wetlands. Plaintiffs also challenge the Corps' interpretation of the term "wetlands" (Claim II); its practice of purging its records and failing to maintain records of wetland acreage loss (Claim III); its failure to consult with the U.S. Fish and Wildlife Service and the National Marine Fishery Service (Claim IV); its failure to consider the impacts of a permit application (Claim V); its interpretation of the CWA and relevant guidelines to allow for the issuance of permits in certain situations (Claim VI); its issuance of a permit in a special aquatic site (Claim VII); and its improper use of mitigation (Claim VIII). (*See* Compl. ¶ 8(B)–(H).)

Defendants move to dismiss all claims in the Complaint. Their principal arguments are that Claim I is barred by the applicable statute of limitations and that the Court does not have jurisdiction to consider Claims II–VIII.

### II. Legal Standard

A motion to dismiss will be granted only where it is clear that no set of facts consistent with the allegations could provide a basis for relief. "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed.R.Civ.Pro. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.'" *Bradberry v. Pinellas County,* 789 F.2d 1513, 1515 (11th Cir.1986) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). For purposes of a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all facts alleged by the plaintiff. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Little v. City of North Miami,* 805 F.2d 962, 965 (11th Cir.1986) (citation omitted).

## III. Analysis

### A. Claim I Is Time–Barred

Civil actions brought against the U.S. government are subject to a six year statute of limitations: "[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a) (1994). This statute of limitations applies to challenges of agency action. *See Geyen v. Marsh,* 775 F.2d 1303, 1307 (5th Cir.1985).

As section 2401(a) indicates, the point at which the statute of limitations begins to run depends on when the plaintiff's cause of action first accrues. This depends, in turn, on whether the agency's action is being challenged on procedural or substantive grounds. For example, if an agency's promulgation of a regulation is being challenged on the basis of a procedural irregularity in the adoption of that regulation, then the cause of action accrued when the regulation was formally issued, namely when it first appeared in the Federal Register. *See Wind River Mining Corp. v. United States,* 946 F.2d 710, 715 (9th Cir.1991). Similarly, a facial challenge to a regulation must also be made within six years of the regulation's issuance. The reasoning behind this rule is simple: "The grounds for such challenges will usually be apparent to any interested citizen within a six-year period following promulgation of the decision.... The government's interest in finality outweighs a late-comer's desire to protest the agency's action as a matter of policy or procedure." *Id.* at 715.

■ Unlike procedural or facial attacks, a cause of action challenging the substantive application of a regulation may accrue well after the regulation was issued. "[A] substantive challenge to an agency decision alleging lack of agency authority may be brought within six years of the agency's application of that decision to the specific challenger." *Id.* at 716. Thus, while procedural and facial challenges to agency regulations must be brought within six years of the regulation's issuance, substantive as-applied challenges may be brought up to six years after the regulation was allegedly unlawfully applied to the plaintiff filing suit.

■ In this case, the Corps promulgated the after-the-fact permit regulation on November 13, 1986. *See* 51 Fed.Reg. 41,206 (1986). Therefore, procedural and facial challenges would by now be time-barred. Plaintiffs provide two reasons why their claim is in fact timely. First, Plaintiffs state that their claim is substantive because their suit alleges "that the regulation is inconsistent with its enabling statute." (Pls.' Resp. to Defs.' Mot. to Dismiss at 3.) This statement indicates, however, that Plaintiffs are making a facial challenge to the regulation. That Plaintiffs are making a facial challenge is supported by the allegations of their Complaint, which provide that the "regulation exceeds the scope of authority under the CWA and/or is plainly and palpably inconsistent with the CWA." (Compl. § 24.) If this is the case, then Plaintiffs' challenge runs afoul of the six year statute of limitations.

Second, Plaintiffs argue that "the six year time period begins on the date the Corps last applied the challenge [sic] AFTER THE FACT PERMIT regulation." (Pls.' Resp. to Defs.' Mot. to Dismiss at 3.) There are two problems with this assertion. First, the statute of limitations would not begin to run, as Plaintiffs claim, when the Corps *last* applied the regulation, but instead when the Corps *first* applied the regulation to Plaintiffs. This comports with the notion that a plaintiff's cause of action accrues when she first learns of a wrong and can then sue to correct that wrong. *See Allen v. United Food & Commercial Workers Int'l Union,* 43 F.3d 424, 427 (9th Cir.1994). Second, Plaintiffs do not inform the Court when these allegedly unlawful applications of the regulation occurred. Thus, even if the Court were to agree that Plaintiffs are making an as-applied challenge, it has no way to determine when the statute of limitations on that claim began to run. Plaintiffs have therefore not met their burden of refuting Defendants' contention that Plaintiffs' claim is time-barred. *See Blue Cross & Blue Shield v. Weitz,* 913 F.2d 1544, 1552 n. 13 (11th Cir. 1990) ("Once a defendant shows that the applicable statute of limitations bars the

claim, the burden shifts to the plaintiff to demonstrate that an exception or tolling provision applies."). The Court will therefore dismiss Plaintiffs' Claim I as time-barred, without prejudice to Plaintiffs' ability to present the Court with evidence demonstrating that the regulation at issue was first applied to Plaintiffs less than six years before they initiated suit.

## B. The APA Grants the Court Jurisdiction To Hear Claims II–VIII

The APA provides this Court with jurisdiction to review final agency action. 5 U.S.C. § 704 (1994); *see Fund for Animals, Inc. v. Rice,* 85 F.3d 535, 541–42 (11th Cir. 1996). Defendants argue, however, that Plaintiffs only make generalized allegations regarding the Corps' activities in the Florida Keys. Absent more specific challenges, Defendants assert, this Court is powerless to entertain Plaintiffs' suit under the APA. Yet contrary to Defendants' characterizations, Plaintiffs do protest specific agency action that is reviewable under the APA. In their second claim for relief, Plaintiffs challenge the Corps' definition of "wetlands" to exclude areas above a certain elevation. In fact, Plaintiffs' Notice of Intent To Sue, sent to the Administrator of the Environmental Protection Agency on November 22, 1996 (and attached as an exhibit to Defendants' Motion to Dismiss) identifies five specific permits that were granted based on the definition of wetlands that Plaintiffs are contesting. This constitutes final agency action under the APA, which is reviewable by this Court.

Furthermore, Claims III–VIII in Plaintiffs' Complaint challenge specific instances of inaction on the part of the Corps. As the APA clearly provides, and as Defendants concede, a "failure to act" constitutes reviewable agency action. 5 U.S.C. § 551(13). Plaintiffs' Third Claim alleges that Defendants are failing to maintain records of wetland acreage loss; the Fourth Claim alleges that Defendants are failing to consult with the Fish and Wildlife Service and the National Marine Fishery Service; and the Fifth Claim alleges that Defendants are failing to consider the secondary and cumulative impacts of applications for permits in the wetlands of the East Everglades and the Florida Keys. Plaintiffs allege that these instances of inaction violate federal law.

Finally, Plaintiffs identify other allegedly impermissible agency actions. Plaintiffs' Sixth Claim asserts that Defendants have issued permits in violation of the relevant guidelines; the Seventh Claim alleges that Defendants unlawfully issued a permit in a special aquatic site; and the Eighth claim alleges that Defendants have improperly interpreted the term mitigation. These last three claims point to agency action that also may be reviewed by this Court. Because the APA provides jurisdiction to consider the purportedly unlawful actions and instances of inaction by Defendants, the Court will not dismiss Plaintiffs' Claims II–VIII.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendants' Motion To Dismiss Claim I of Plaintiffs' Complaint as time-barred be, and the same is hereby, GRANTED. Claim I will be dismissed without prejudice. It is further

ORDERED and ADJUDGED that Defendants' Motion To Dismiss Claims II–VIII of Plaintiffs' Complaint be, and the same is hereby, DENIED. Defendants shall respond to Plaintiffs' Complaint within twenty (20) days of the date of this Order.

DONE and ORDERED at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida, this 25th day of February, 1998.