151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert N. SOBLE, Plaintiff-Appellant,
v.
ARMY BOARD OF CORRECTION OF MILITARY RECORDS, Defendant-Appellee.
 No. 98-1516.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 21, 1998.
Decided July 30, 1998.*
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division No. 97 C 6195 George W. Lindberg, Judge.
 Before Hon. JOHN L. COFFEY, Hon. FRANK H. EASTERBROOK, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Robert N. Soble enlisted in the Army in 1946 and was commissioned in 1951 after his graduation from college as a Second Lieutenant with a two-year term of active service. In November 1952, Mr. Soble was appointed as a reserve commissioned officer in the Army Officer's Reserve Corps. R.6, p 6. Due to several unfavorable performance reviews, Mr. Soble was given the option of resigning or appearing before an inquiry board for a determination as to whether he should continue military service. Mr. Soble chose to resign and the Army honorably discharged him on July 22, 1953. In October 1953, Mr. Soble requested that he be reappointed to the Army Reserve; however, the Army denied the request because its regulations stated that persons who resigned rather than faced an inquiry board were not eligible for duty in the Army Reserve.
 
 
 2
 In August 1975, Mr. Soble applied to the Army Board of Corrections of Military Records (ABCMR), seeking a retroactive promotion to First Lieutenant. His request was denied in March 1977 because the ABCMR concluded that he had submitted insufficient evidence to show that material error or injustice occurred in the Army's alleged decision not to promote him. The ABCMR noted that no recommendations for promotion were included in his military records and that he was not qualified for promotion. R.6, p 26.
 
 
 3
 In December 1978 Mr. Soble filed a second application with the ABCMR submitting evidence in support of his request for a retroactive promotion that he was awarded a campaign medal. The ABCMR treated the application as a request for reconsideration and denied it. The ABCMR stated that the medal was "commendable" but insufficient to establish eligibility for promotion to First Lieutenant.
 
 
 4
 Mr. Soble filed a third request in August 1981. The ABCMR told Mr. Soble that it had already denied his original request in 1977, that it had considered several requests for reconsideration, and that Mr. Soble had failed to include any evidence that demonstrated that he was eligible for promotion. Thus, it declined to reconsider his application.
 
 
 5
 In April 1994, Mr. Soble filed a fourth application, citing his service with the United States Postal Service (USPS) in support of his claim that he was entitled to a promotion. The ABCMR again denied his request to reconsider his application stating that his service with the USPS was irrelevant to his promotion request. Mr. Soble filed the instant complaint in federal district court in September 1997 asserting only that he should have been promoted to First Lieutenant. Mr. Soble makes no claim for money damages. The government filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).
 
 
 6
 The district court concluded that it lacked jurisdiction to consider Mr. Soble's claims because they were time-barred. The district court's decision to dismiss the case for lack of subject matter jurisdiction is reviewed de novo. McGinn v. Burlington Northern Ry. Co., 102 F.3d 295, 298 (7th Cir.1996).
 
 
 7
 Mr. Soble's claim alleging a failure to promote is time-barred. "[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401. This provision applies to claims alleging error in military discharge decisions. See Smith v. Marsh, 787 F.2d 510, 511-12 (10th Cir.1986); Geyen v. Marsh, 775 F.2d 1303, 1306-07 (5th Cir.1985); Walters v. Secretary of Defense, 725 F.2d 107, 111 (D.C.Cir.1983). Mr Soble's claim accrued at least as late as his discharge date on July 22, 1953.[2] See Geyen, 775 F.2d at 1307; see also Walters, 725 F.2d at 114. Thus, any claim for relief had to have been filed on or before July 22, 1959. Because Mr. Soble did not seek relief until September 1997, his claim is time-barred.
 
 
 8
 Mr. Soble also claims that the ABCMR erred in denying his request for a retroactive promotion. This claim also is time-barred. Several circuits have found that claims seeking review of a Correction Board decision accrue at the time of Board's decision. Blassingame v. Secretary of the Navy, 811 F.2d 65, 70-71 (2d Cir.1987); Smith, 787 F.2d at 512; Dougherty v. Navy Bd. for Correction of Naval Records, 784 F.2d 499, 501 (3d Cir.1984); Geyen, 775 F.2d at 1309. Here, the ABCMR denied Mr. Soble's claim for relief in March 1977; thus, the claim Mr. Soble filed in federal court in 1997 was time-barred.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 Although the district court appears to have construed Mr. Soble's brief to include this claim, the record does not reveal that Mr. Soble was eligible for a promotion prior to his resignation. In fact, a memorandum issued in 1976, after Mr. Soble's first request for a correction of his records, indicates that "[f]urther review of his records did not produce any recommendations for promotion to 1LT," and that he "was not professionally qualified for promotion to 1LT." R. 6, A.R. 76