# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 7, 2010

Lyle W. Cayce
Clerk

No. 09-31097
Summary Calendar

CHARLES E. LEE,

Plaintiff-Appellant,

v.

MICHAEL W. WYNNE, In his official capacity as Secretary of Air Force;
UNITED STATES DEPARTMENT OF AIR FORCE,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CV-301

Before JOLLY, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

The issue in this appeal is whether the district court erred in granting Wynne's motion to dismiss for lack of subject-matter jurisdiction. The district court found that the Air Force Board for Correction of Military Records's (AFBCMR) decision on March 15, 2000 was a final agency action from which the statute of limitations had run. Therefore, the district court determined that it lacked jurisdiction over Lee's complaint. We AFFIRM.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

In October of 1995, Lee was a Major in the United States Air Force. Lee discovered his commander, Lieutenant Colonel Lindell Mabus, had forged Lee's signature on an Officer Performance Report (OPR). Lee reported the incident to the Office of Special Investigations in January of 1996, at which point Mabus was relieved of command.

Between December 1995 and July 1997, Lee received two OPRs of his own from Lieutenant Colonel James Partington. Lee's complaint focuses on the second OPR, which says Lee received performance feedback on April 18, 1997. Lee contends the feedback session never occurred, making the OPR fraudulent. After being passed over for promotion, Lee was forced to retire from the Air Force on July 25, 1999.

On February 17, 1999, Lee requested the AFBCMR to expunge the OPRs from his record. With this application, Lee submitted a time sheet showing that he was not on duty the day the OPR stated the alleged performance review had taken place. The AFBCMR denied Lee's request on March 15, 2000.

On December 14, 2005, Lee again petitioned the AFBCMR to remove the OPRs. Lee provided the same information in support of his second petition that he had provided for his first petition that was denied in March 2000, with the addition of a letter from the Department of the Air Force to Senator Vitter of Louisiana confirming the accuracy of the previously-submitted time sheet. The AFBCMR denied this petition on May 10, 2006. Lee sought review of the AFBCMR's decision in the district court on February 16, 2007.

This court applies a *de novo* standard of review and uses the same standard as the district court when reviewing the district court's ruling on a 12(b)(1) motion to dismiss. *LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005). When challenging a 12(b)(1) motion, the party asserting jurisdiction has the burden to prove that jurisdiction is proper. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

28 U.S.C. § 2401(a) bars non-tort civil actions against the United States

unless the complaint is filed within six years of when the right of action first accrues. Lee argues that the statute of limitations should run from the AFBCMR's denial of his second petition on May 10, 2006. Because a cause of action accrues at the time of the AFBCMR's decision, Lee's cause of action arose when the AFBCMR denied his application on March 15, 2000. *See Geyen v. Marsh*, 775 F.2d 1303, 1309 (5th Cir. 1985) (holding a cause of action accrues at the time of the AFBCMR's decision). The statute of limitations for Lee's claim expired on March 15, 2006.

Lee urges the Court to adopt the Third Circuit's rule allowing the six-year statute of limitations to restart if the AFBCMR re-opens a proceeding and rules on a petition containing *new* evidence. *Green v. White*, 319 F.3d 560, 566 (3d Cir. 2003). The applicability of *Green's* restart rule is, however, limited to *new* evidence that reflects changed circumstances, and if the application does not include such evidence, the statute of limitations will not be restarted. *Id.* Lee argues that the Air Force's letter to Senator Vitter constitutes new evidence, and therefore the statute of limitations should have restarted with the AFBCMR's decision on May 10, 2006. Although the AFBCMR may "reconsider an application if the applicant submits newly discovered relevant evidence that was not available when the application was previously considered," the Air Force's letter does not show changed circumstances, nor any additional information that was not available when Lee first filed. 32 C.F.R. § 865.6. The letter merely states that the time sheet at issue is correct.

Lee raised his 10 U.S.C. § 1034(g) claim for the first time in a Motion for Reconsideration after the district court granted Wynne's motion to dismiss. This court "will not consider an issue raised for the first time in a Motion for Reconsideration." *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Therefore, we will not address this issue.

Accordingly, the district court properly dismissed the claim due to lack of subject-matter jurisdiction. Because the statute of limitations started running

on March 15, 2000 and expired on March 15, 2006, Lee's complaint filed on February 16, 2007 is time barred.

AFFIRMED.