13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 THE FEDERAL LANDS LEGAL FOUNDATION, a Non-Profit Legal
Foundation, Plaintiff-Appellant,
v.
UNITED STATES FOREST SERVICE, an Agency of the United States
Department of Agriculture; Dale Robertson, Chief of the
United States Forest Service; Mike Espy, Secretary of
Agriculture; Bureau of Land Management, an Agency of the
United States Department of Interior; Cy Jamison, Director
of the Bureau of Land Management; Bruce Babbitt, Secretary
of Interior, Defendants-Appellees.
 No. 93-2035.
 United States Court of Appeals, Tenth Circuit.
 Dec. 8, 1993.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and BARRETT, Circuit Judges, and BROWN,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument; appellant's request for oral argument is denied.
 
 
 3
 Appellant Federal Lands Legal Foundation (FLLF) brought this suit against defendants, claiming that the Forest Service failed to promulgate regulations implementing Section 8 of the Public Rangelands Improvement Act of 1978, 43 U.S.C. 1752(d). The complaint sought declaratory and injunctive relief and a writ of mandamus ordering the Forest Service to comply with its alleged duty. Following the defendants' motion to dismiss for lack of jurisdiction or for summary judgment, the parties agreed to consolidate a preliminary injunction hearing with a trial on the merits. After the consolidated proceedings before the district court, and after post-hearing briefing and supplemental briefing on defendants' statute of limitations defense, the district court granted defendants' motion, dismissing the action for lack of subject matter jurisdiction. FLLF filed a timely notice of appeal; this court has jurisdiction over the appeal pursuant to 28 U.S.C. 1291. We review the district court's dismissal for lack of subject matter jurisdiction de novo. Williams v. United States, 957 F.2d 742, 743 (10th Cir.1992).
 
 
 4
 The district court concluded that 1) FLLF lacked standing to bring the suit, 2) the court lacked subject matter jurisdiction over FLLF's claims under the Administrative Procedure Act (APA), and 3) the applicable statute of limitations barred FLLF's claims. On appeal, FLLF presents arguments on all of these points as well as the substantive merits of its claims, and contends that it has a right to judicial review under the federal mandamus statute, an issue the district court did not reach in light of its ruling that FLLF lacked standing.[2] Because we agree with the district court that the applicable statute of limitations bars FLLF's claims, and because that ruling is dispositive of the case, we affirm on that basis only. We do not reach FLLF's remaining arguments regarding standing or federal court review of agency action under the APA.
 
 
 5
 Section 8 of the Public Rangelands Improvement Act was enacted in 1978 as part of the Federal Land Policy and Management Act. In 1979, the Forest Service promulgated 36 C.F.R. 222.2, a federal regulation governing the implementation of Section 8. FLLF brought this suit against defendants in 1991. The statute of limitations generally applicable to suits seeking review of agency action is found at 28 U.S.C. 2401(a),[3] see Smith v. Marsh, 787 F.2d 510, 512 (10th Cir.1986); Village of Elk Grove Village v. Evans, 997 F.2d 328, 331 (7th Cir.1993). Application of this six-year statute would bar FLLF's claims, divesting a reviewing court of subject matter jurisdiction, see Sisseton-Wahpeton Sioux Tribe v. United States, 895 F.2d 588, 592 (9th Cir.), cert. denied, 498 U.S. 824 (1990). The statute of limitations is triggered only by "final agency action" under the APA, 5 U.S.C. 704. See Impro Prods., Inc. v. Block, 722 F.2d 845, 850 (D.C.Cir.1983), cert. denied, 469 U.S. 931 (1984). Final agency action includes promulgation of regulations, see Rocky Mountain Oil & Gas Ass'n v. Watt, 696 F.2d 734, 741 n.8 (10th Cir.1982), and denial of a formal request to issue, amend, or repeal a rule pursuant to the APA, 5 U.S.C. 553(e), see Environmental Defense Fund v. Reilly, 909 F.2d 1497, 1504 n.97 (D.C.Cir.1990). FLLF does not contend otherwise, but asserts that the statute is inapplicable here.
 
 
 6
 FLLF asserts that 36 C.F.R. 222.2 "simply parrot[s]" the language of Section 8, Appellant's Br. at 25, and therefore does not satisfy the agency's continuing duty to implement the statute. FLLF argues that its suit does not challenge application of 36 C.F.R. 222.2 to any of its members, or "procedural defects" in the promulgation of the regulation. Instead, FLLF seeks "for the first time, rules and regulations which truly implement Section 8," Appellant's Br. at 46. Nonetheless, FLLF cannot escape the fact that the Forest Service promulgated 36 C.F.R. 222.2 in 1979 to implement Section 8. Regardless of FLLF's characterization of its claims, the regulation, or the agency's duty absent a request for rulemaking, we agree with the district court that FLLF's suit essentially challenges the adequacy of 36 C.F.R. 222.2, and that such suits fall within the six-year statute of limitations.
 
 
 7
 Alternatively, FLLF contends that final agency action occurred within the six-year limitations period. First, it argues that an amendment to 36 C.F.R. 222.2 was proposed in 1988 which was intended to include a word originally omitted from the regulation. However, FLLF notes that the change has not been made final, Appellant's Br. at 49. Therefore, no final agency action occurred in 1988. Second, FLLF argues that it requested rulemaking within the six-year period. It points to testimony by member Bud Eppers that he issued a letter dated October 17, 1988, to the Forest Service requesting implementation of Section 8. FLLF further contends that such evidence is undisputed. However, the record shows that Mr. Eppers' testimony referred to a letter which the Forest Service characterized in a response to an interrogatory as "provid[ing] ... comment" on the proposed 1988 amendment to 36 C.F.R. 222.2, Appellees' Supp.App. at 12. The letter was never introduced into evidence and the Forest Service's characterization was not contested. On this record, we agree with the district court's conclusion that FLLF did not establish that the letter was a request for rulemaking pursuant to 5 U.S.C. 553(e).
 
 
 8
 Because we agree with the district court that FLLF's claims are barred by the six-year statute of limitations, it follows that the extraordinary remedy of mandamus is not appropriate here. FLLF has not shown a clear right to the relief it seeks. See Wilder v. Prokop, 846 F.2d 613, 620 (10th Cir.1988); cf. Marathon Oil Co. v. Lujan, 937 F.2d 498, 500 (10th Cir.1991)(mandamus appropriate where agency fails to perform a nondiscretionary ministerial duty).
 
 
 9
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 We note that FLLF does not appeal the dismissal of defendants Bureau of Land Management, Director of the Bureau of Land Management and Secretary of Interior. This appeal proceeds only as to the remaining defendants
 
 
 [3]
 That statute says in part that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."