**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 4 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

WILLIAM W. HALLE, IV,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
ARMY BOARD FOR CORRECTION
OF MILITARY RECORDS, UNITED
STATES ARMY,

      Defendants-Appellees.

No. 96-8081
(D.C. No. 95-CV-214-J)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and EBEL, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant William W. Halle sued the United States Army Board for Correction of Military Records (Board) in federal district court, seeking injunctive and declaratory relief requiring the Board to correct his military records. Mr. Halle sought the correction to reflect that he received a disability discharge, rather than an honorable discharge, from active duty in the Army on January 16, 1978. The district court granted summary judgment for the Board, concluding that Mr. Halle's action was barred by the statute of limitations. Alternatively, the district court determined that the Board's decision not to modify Mr. Halle's records was not arbitrary and capricious and was supported by substantial evidence.

We must consider, as a threshold matter, whether the district court had subject matter jurisdiction over Mr. Halle's claim. The United States Court of Federal Claims has exclusive jurisdiction over claims for $10,000 or more against the United States founded upon the Constitution, Acts of Congress, executive regulations, or contracts. See 28 U.S.C. §§ 1346, 1491 (the "Tucker Act"). If Mr. Halle's "prime objective" or "essential purpose" in filing the complaint was to obtain a retroactive award of retirement or disability benefits in excess of $10,000, the Tucker Act requires that his complaint be filed with the Court of Federal Claims. Burkins v. United States, 112 F.3d 444, 449 (10th Cir. 1997).

This is true even though he requested only declaratory or equitable relief.  See id.  However, if Mr. Halle's complaint sought nonmonetary relief which has "significant prospective effect" or "considerable value" apart from the claim for monetary relief, district court jurisdiction was proper.  Id.

Mr. Halle's complaint alleges that a change in his medical records will affect his future relationship with the Army, by determining his eligibility for future benefits.  We must ask whether this prospective benefit is "significant," or has "considerable" value.  See id.  The determination of "significance" generally is made by comparing the magnitude of the prospective relief sought against the value of the retroactive monetary award.  See Minnesota ex rel. Noot v. Heckler, 718 F.2d 852, 859 (8th Cir. 1983).

If successful, Mr. Halle stands to receive nearly twenty years' worth of retroactive disability retirement benefits.[1]  However, the resolution of his complaint will also affect his future disability status, most likely for years to come.  Mr. Halle is only forty-six years old.  Although his medical conditions allegedly are disabling, it is not argued that they will produce a radically shortened life span. Under these circumstances, we believe that Mr. Halle has articulated a "significant prospective effect" if declaratory judgment is granted,

---

[1]     Defendants estimate that eighteen years' worth of retirement benefits, at Mr. Halle's grade and rate of pay, would amount to $92,048.40.  See Appellees' Br. at 21 n.11.

entitling him to pursue his action in district court rather than the Court of Federal Claims. See Burkins, 112 F.3d at 449.

Having properly assumed jurisdiction over the complaint, the district court concluded that Mr. Halle's complaint was barred by the statute of limitations. Mr. Halle filed this action on September 25, 1995, over seventeen years after his date of discharge. Actions against the United States must be filed within six years after the right of action first accrues. See 28 U.S.C. § 2401(a). The district court concluded that Mr. Halle's right of action accrued at the time of his discharge, and was therefore untimely.

Mr. Halle's complaint, however, challenged the Board's refusal to correct his military records, rather than the discharge decision itself. A challenge to the decision of the Board to deny correction of military records accrues at the time of the decision, not at the time of the original discharge. See Smith v. Marsh, 787 F.2d 510, 512 (10th Cir. 1986). The Board reached its decision against Mr. Halle on June 14, 1995, and he filed his complaint just over three months later. Thus, his district court complaint was timely.

A separate timeliness issue, however, exists with regard to the date Mr. Halle filed his application with the Board. Applications for correction of military records must be filed within three years after the veteran discovers the error or injustice. See 10 U.S.C. § 1552(b). The Board is empowered to excuse an

-4-

untimely filing, if it finds it to be in the interest of justice to do so.  See id.  The Board found Mr. Halle's petition untimely, and refused to excuse the untimely filing.  We review these decisions to determine whether they were "'arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.'" Dickson v. Secretary of Defense, 68 F.3d 1396, 1404 (D.C. Cir. 1995) (quoting 5 U.S.C. § 706).  In making our determination, we accord no particular deference to the district court's decision on initial review.  See Santa Fe Energy Prods. Co. v. McCutcheon, 90 F.3d 409, 413 (10th Cir. 1996).

The Board determined that Mr. Halle discovered, or should have discovered with reasonable diligence, the error he alleges, at the time of his separation from military service.  Thus, he should have applied to the Board for relief no later than January 16, 1981.  The record reveals that Mr. Halle was aware of his allegedly disabling conditions at the time of his discharge.  He filed an application for Veterans Administration disability benefits in 1978.  The Board's conclusion that his application is untimely was not arbitrary and capricious.

The Board's decision not to excuse the untimely filing is also not arbitrary and capricious.  The Board considered the evidence of record, and concluded that Mr. Halle's medical condition at the time of separation did not provide a basis for medical retirement.  Clearly, in the Board's view, Mr. Halle's  argument on the merits was weak.  Moreover, the Board noted that Mr. Halle had provided no

good reason (such as a mental disability which prevented him from filing) why it would be in the interest of justice to excuse his untimely filing. These conclusions are supported by the evidence.

Mr. Halle argues that the Board violated his right to due process by informing him that it would hold a hearing which he could attend, and then by holding that hearing without notice to him, and in his absence. The regulations governing procedure before the Board specifically provide that the Board may deny an application without a hearing. 32 C.F.R. § 581.3(c)(5). Although the Board met to decide Mr. Halle's application, no adversarial or trial-type "hearing" took place; rather, the Board simply deliberated before deciding to deny the application. Mr. Halle cites no authority which would allow or require him to be present during Board deliberations.

A case examiner was present for the deliberations. He presented a Memorandum of Consideration (essentially proposed findings with an order) to the Board, which it approved. Mr. Halle contends that the case examiner was "an employee or agent engaged in the performance of investigative or prosecuting functions" who improperly "participated or advised" in the Board's decision. 5 U.S.C. § 554(d). As defendants explain, however, a case examiner is a staff member of the Board who assists the Board in its adjudicative functions, much like a law clerk or staff attorney assists a judge. Such staff examiners clearly are

permitted to assist the Board in its consideration of the application.  See Koster v. United States, 685 F.2d 407, 414 (Ct. Cl. 1982).  Mr. Halle's arguments lack merit.

Finally, Mr. Halle contends that the Board made insufficient findings to support its conclusion that waiver of the statute of limitations would not be in the interests of justice.  See Dickson, 68 F.3d at 1405.  In Dickson, the Board's findings on the "interests of justice" issue did not allow the court to determine, for purposes of review, whether the Board had relied exclusively on its evaluation of the legitimacy of the applicants' reasons for delay, or whether it had also considered the underlying merits of their claims.  Id.  Moreover, the Board did not explain how it reached its conclusion about when the injustice should have been discovered.  Id.  Here, the Board's decision contains a statement of purpose which identifies the issues of timeliness and waiver, a discussion of the evidence of record in light of these issues, a series of conclusions concerning both the merits of Mr. Halle's claim and the date on which the error or injustice should have been discovered, and an ultimate conclusion that the application was untimely and that its untimeliness should not be excused.  While the Board could have more explicitly tied its findings to its ultimate conclusion, the findings are sufficient to support the Board's conclusion.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge