PER CURIAM.
James D. Boswell and his daughters, the plaintiffs in this suit, seek review of a decision of the United States Court of Federal Claims dismissing Mr. Boswell’s complaint as barred by the statute of limitations.[1] We affirm.
BACKGROUND
Mr. Boswell was a Major in the United States Army, serving on active duty, when he was discharged in 1989 based on certain Officer Evaluation Reports. Mr. Boswell stated that he was discharged in reprisal for whistle-blowing, while the Army position was that he was discharged for inadequate performance. Following intermediate appeals, in August 1996 Mr. Boswell sought relief from the Army Board for Correction of Military Records (ABCMR), based in part on newly discovered evidence. The ABCMR in 1997 found in Mr. Boswell’s favor and granted much of the relief sought; the 1989 discharge was declared void, the unfavorable reports were expunged from his record, and his record was corrected to show retirement with 20 years of service at the rank of Major. Mr. Boswell states that the relief was not complete — inter alia, that he should have been restored to and retired with the rank of Colonel. He pointed to the severe hardships imposed on him and his family by the wrongful discharge, as well as to the con *314 sequences to the nation of the wrongful acts that he reported as a whistle-blower.
Mr. Boswell appealed the ABCMR ruling first to the Department of Defense Office of Hearings and Appeal, who denied further relief. He appealed to the Court of Appeals for the Fifth Circuit, and was advised that exclusive jurisdiction was with the Court of Federal Claims. In December 2000 he appealed to the Court of Federal Claims; the court dismissed the appeal as barred by the six-year statute of limitations. This appeal followed.
Proceedings in this appeal were stayed in view of this court’s decision to review the holding of Hurick v. Lehman, 782 F.2d 984, 986 (Fed.Cir.1986) with respect to the accrual of the limitations period when intervening appeal was taken to a military correction board; upon the decision of Martinez v. United States, 333 F.3d 1295 (Fed.Cir.2003) (en banc), the stay was lifted.
DISCUSSION
Under 28 U.S.C. § 2401, complaints against the United States for wrongful discharge must be filed within six years “after the right of action first accrued.” In Martinez this court concluded that intervening recourse to the ABCMR did not toll the statute of limitations, and did not initiate a new limitations period. The court confirmed that any appeal to the Court of Federal Claims must be filed within six years after the date the discharge became effective.
Mr. Boswell was discharged from the Army in 1989. His petition for review of the ABCMR decision was filed in the Court of Federal Claims in December 2000. Mr. Boswell argues that the date from which the six-year period is measured is the date of the ABCMR decision that he is appealing, and not the date of the original discharge. He points out that otherwise the time for appeal could expire while he was still exhausting his administrative remedies. However, this issue was resolved in Martinez; the accrual of Mr. Boswell’s claim based on the alleged unlawful discharge was not affected by the intervening administrative appeals.
We have considered all of Mr. Boswell’s arguments. He speaks eloquently of duty and the national interest in integrity and justice, but the six-year limitations period has not been overcome. The dismissal of the appeal is affirmed.
Each party shall bear its costs.

. Boswell v. United States, No. 00-547C (Fed. Cl. March 9, 2001).