NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5006

JAMES D. BOSWELL

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  April 5, 2005

_____

Before LOURIE, CLEVENGER, and LINN, Circuit Judges.

PER CURIAM.

James D. Boswell ("Mr. Boswell") seeks review of the final decision of the United States Court of Federal Claims dismissing as time-barred his complaint concerning his 1989 Army discharge.  Boswell v. United States, No. 01-649C (Fed. Cl. Aug. 16, 2004). The Court of Federal Claims dismissed the action on the same basis as the Federal Circuit dismissed a companion case.  See Boswell v. United States, 83 Fed. Appx. 313 (Fed. Cir. 2003) ("Boswell I").   Because the outcome of Boswell I controls this case, we affirm the dismissal of the action by the Court of Federal Claims.

I

Mr. Boswell petitioned the Court of Federal Claims for review of a November 6, 2000 decision by the Army Board for Correction of Military Records ("ABCMR") which

stemmed from a petition to amend a 1997 decision by the ABCMR. The 1997 decision was the subject of the appeal in Boswell I. Mr. Boswell also petitioned for review of a September 5, 2001 decision by the Promotions Branch which had denied reconsideration of retroactive promotions in 1989 and 1990. In essence, Mr. Boswell again attempts to seek review of events surrounding his 1989 discharge from the Army.

The Court of Federal Claims stayed the instant case pending the outcome of the review by this court of the Court of Federal Claims decision in the companion case brought by Mr. Boswell. The Federal Circuit issued the opinion in Boswell I which held that the six-year statute of limitations barred review of Mr. Boswell's 1989 discharge from the Army and that this statute of limitations was not tolled by his appeals to the ABCMR. Subsequently, the Court of Federal Claims issued a show cause order requesting an explanation from Mr. Boswell of why his case was not foreclosed by the decision in Boswell I. Mr. Boswell responded to the court with additional allegations unrelated to his Army discharge including issues involving his termination from the Texas Army National Guard and a disputed educational credit. The Court of Federal Claims found that Boswell I was determinative of the instant action and found Mr. Boswell's claims relating to his discharge were time-barred. Mr. Boswell then appealed to this court. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(3) (2000).

II

We will overturn decisions of the Court of Federal Claims if the court has made an error of law or if the findings of fact are clearly erroneous. Matias v. United States, 923 F.2d 821, 826 (Fed. Cir. 1990).

III

In <u>Boswell I</u>, this court held that the statute of limitations runs from the date of discharge and is not tolled by reviews of the corrections boards. Because Mr. Boswell was discharged in 1989, his claims relating to that discharge are now time-barred. Mr. Boswell is free to pursue the claims dismissed without prejudice by the Court of Federal Claims relating to the educational credit and the Texas Army National Guard. However, the decision of the Court of Federal Claims that Mr. Boswell is time-barred from challenging his 1989 Army discharge must be affirmed.