*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0438p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

———————————

EUGENE DAVIS,

*Plaintiff-Appellant,*

*v.*

No. 09-5187

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 06-02087—Jon Phipps McCalla, Chief District Judge.

Submitted: November 17, 2009

Decided and Filed: December 29, 2009

Before: MERRITT, CLAY, and McKEAGUE, Circuit Judges.

———————————

## COUNSEL

**ON BRIEF:** Phillip Leon Davidson, Nashville, Tennessee, for Appellant. Monica M. DeGraffenreaid, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

———————————

## OPINION

———————————

MERRITT, Circuit Judge. Eugene Davis, an Army veteran, claims that he was eligible for early retirement and extra pay in accordance with the Temporary Early Retirement Authority. *See* 10 U.S.C. § 1186 and § 1293. He appeals the District Court's dismissal of his claim as time-barred under the applicable six-year statute of limitations. *Davis v. United States*, No. 06-02087, slip op. at 9 (W.D. Tenn. Jan. 30, 2009). He contends that the Army Board for the Correction of Military Records ("Board") erroneously refused to correct his military record, a condition necessary for a valid application for early

retirement. The issue before us is whether the accrual date for the statute of limitations is the date the Board first denied his application or its denial after he filed a request for reconsideration a year and a half later. We hold that a late-filed request for reconsideration does not toll the accrual date and affirm the District Court.

## I.  FACTS

The District Court adopted the following relevant facts:

Plaintiff was commissioned from the Army's Reserve Officer Training Program on May 15, 1977. Plaintiff served active duty from November 13, 1977, to January 14, 1985. On June 22, 1981, Plaintiff attained the rank of Captain. Plaintiff subsequently left active duty and was transferred to the Army's Reserve Control Group. On April 14, 1989, Plaintiff was promoted to the rank of Major. On April 15, 1989, Plaintiff was transferred to the Army's Selective Service System. On December 12, 1991, Plaintiff was informed that due to a reduction in major positions, he would not be retained in the [Selective Service System]. On March 18, 1993, Plaintiff was released from the [Selective Service System] and returned to the [Reserve Control Group]. At this time, Plaintiff had more than fifteen years of qualifying service. Plaintiff was issued a statement by the Army stating that he completed fifteen years of qualifying service for retirement pay as of May 14, 1992.

*Davis*, slip op. at 2 (internal citations omitted).

Davis applied to the Board for the correction of his military records on June 16, 1997. *Id*. at 3. The Board denied his request on June 3, 1999. *Id*. Regulations require the filing of any request for reconsideration within one year of the Board's action.[1] Approximately a year and a half later, on November 27, 2000, Davis applied for

---

[1] 32 C.F.R. § 581.3(g)(4)(i)-(ii) states:

Reconsideration of [Board] decision. An applicant may request the [Board] to reconsider a Board decision under the following circumstances: (i) if the [Board] receives the request within 1 year of the [Board]'s original decision and if the [Board] has not previously reconsidered the matter, the [Board] staff will review the request to determine if it contains evidence (including, but not limited to, any facts or arguments as to why relief should be granted) that was not in the record at the time of the [Board]'s prior consideration. If new evidence has been submitted, the request will be submitted to the [Board] for its determination of whether the new evidence is sufficient to demonstrate material error or injustice. If no new evidence is found, the [Board] staff will return the application to the applicant without action. (ii) If the [Board] receives a request for reconsideration more than 1 year after the [Board]'s original decision or after the [Board] has already considered one request for reconsideration, then the case will be returned without action and the applicant will be advised the next remedy is appeal to a court of appropriate jurisdiction.

reconsideration of the Board's decision. (Br. for Appellant at 5.) The Board denied Davis' request for reconsideration on April 9, 2001, citing a lack of new evidence. *Davis*, slip op. at 7. Davis subsequently brought this suit in the District Court for the Western District of Tennessee on February 9, 2006. *Id.* at 9. The District Court found that Davis' suit was time-barred because more than six years had elapsed since the Board reached its original decision. *Id.*

In this case the Government expressly waived oral argument, and Davis did not request oral argument in his brief. Therefore, we decide this case on the briefs alone.

## II. ANALYSIS

A claim against the United States can only be brought "six years after the right of action first accrues." 28 U.S.C. §2401(a). When did Davis' claim accrue for purposes of the six-year statute of limitations? Accrual of the claim turns on whether Davis should have exhausted his military administrative remedies prior to bringing a claim in federal court, and, if so, at what point is the military administrative process exhausted.

## A. EXHAUSTION OF REMEDIES

First, we must determine whether Davis must exhaust his administrative remedies. The District Court framed this question by asking whether a claim accrues at the date of discharge or at the date when a veteran exhausts his or her military remedies. *Davis*, slip op. at 6. Noting there is a split of authority on this issue, the District Court held that even under the most liberal standard, Davis' claim would be time-barred. *Id.* at 6.

The District Court correctly noted that some courts, including the Federal Circuit, have held, depending on the nature of the cause of action, that the accrual date is the date of discharge or separation. *Boswell v. United States*, 83 F. App'x 313 (Fed. Cir. 2003). But the majority of courts, either explicitly or implicitly, have rejected the notion that the accrual date is the date of discharge and have required exhaustion of remedies before the Board. *See Green v. White*, 319 F.3d 560 (3d Cir. 2003); *Soble v. Army Bd. of Corr.*

*of Military Records*, 151 F.3d 1033 (7th Cir. 1998); *Smith v. Marsh*, 787 F.2d 510, 512 (10th Cir. 1986); *Geyen v. Marsh*, 775 F.2d 1303, 1309 (5th Cir. 1985); *Nivisher v. White*, 211 F.Supp. 2d 125, 129 (D.D.C. 2002); *Smalls v. United States*, 87 F. Supp. 2d 1055 (D. Haw. 2000).

Additionally, in this Circuit, there appears to be some confusion among federal courts as to the effect of a military administrative review process on the six-year statute of limitations. *Compare Seepe v. Dep't of the Navy*, 518  F. 2d 760, 762 (6th Cir. 1975) (holding that statute of limitations was tolled until the veteran exhausted his military administrative remedies) *and Upsher v. United States*, No. 97CV75738, 1998 U.S. Dist. LEXIS 17156 (E.D. Mich. Sept. 25, 1998) (holding action to modify records does not accrue until final board decision) *with McDonald v. Resor*, No. 94CV5039, 1994 U.S. App. LEXIS 21597 (6th Cir. Aug. 10, 1994) (accrual date is date of discharge) *and Gibbs v. Dep't. of the Army*, No. 07 CV124-R, 2008 U.S. Dist. LEXIS 34673 (W.D. Ky. Apr. 28, 2008) (accrual date is date of discharge).  We will attempt to clear up some of this confusion.

The claim in this case concerns both Davis' right to early retirement and the refusal of the Board to correct Davis' military record permitting him to receive this retirement.  It appears from the record that Davis cannot be awarded early retirement benefits absent a correction of his military records.  The Board denied Davis' request for correction of his military records on June 3, 1999.  His claim first accrued on that date. However, consistent with the majority view, we hold that the running of the six-year period of limitations was tolled during the pendency of any legitimate exhaustion efforts.

**B.  FINAL ADMINISTRATIVE ACTION**

The next issue is when the claim is considered exhausted.  The key inquiry is what constitutes final administrative action in this context. Davis argues that the Board's decision was not exhausted and, therefore, not final until the request for reconsideration was denied.  Courts are split on this issue, and the decisions have varied widely.

Some courts have found that the statute of limitations is tolled only if the application for reconsideration is filed with the Board within six years. *Nivisher*, *supra*, 211 F. Supp. 2d at 129. This approach incorporates the six-year statute of limitations into the administrative process. But, as mentioned above, the regulations which govern the Board only provide a one-year window to petition the Board for reconsideration. *See* 32 C.F.R. § 581.3(g)(4)(i)-(ii). Adopting an approach that validates a suit so long as the request for reconsideration was filed within six years undermines the plain language of the regulations and would leave the issue up-in-the-air too long. Further, it is unclear what happens if the veteran waits five years and 364 days to file for reconsideration. Does he then only have one day to file a suit in district court if he receives an adverse decision? This is not a good approach.

Other courts have held that the statute begins running at the time of the original Board decision, and an application for reconsideration has no effect on the six-year statute of limitations. *Soble*, *supra*, 151 F.3d 1033. This approach fails to consider that the regulations explicitly allow for a veteran to file for reconsideration with the Board.

The Third Circuit has held that a request for reconsideration could toll the statute of limitations only if the veteran claimed that new facts were the basis for the request. *Green*, *supra*, 319 F.3d 560. This approach could lead to unpredictability for the veteran who must risk running afoul of the statute when submitting a request for reconsideration. Further, the regulations speak directly to requests that only contain evidence that was previously in the record. 32 C.F.R. § 581.3(g)(4)(i)-(ii). The regulations direct the Board to return these requests, without opinion, and instruct the veteran to appeal to the court with appropriate jurisdiction. *Id.* Whether a request contains new facts or law may be a complex question for the Board to decide and does not serve as a clear criterion for tolling.

None of the above decisions take into account the regulations outlining the structure and purpose of the Board's review. As mentioned above, the regulations allow for a veteran to apply for reconsideration within one year of the original Board decision. *Id.* This means that so long as a veteran petitions the Board for rehearing within one

year of the date of a prior adverse decision, the veteran is still legitimately pursuing administrative remedies.  For this reason, we hold that the statute of limitations is tolled during the processing of a timely request for reconsideration, but we note that this holding does not require a veteran to request reconsideration of the original Board decision in order for his or her claim to be considered exhausted.  A claim will be considered exhausted either after the Board's original decision, if there is no request for reconsideration, or after a denial of a timely request for reconsideration.  This choice is in the hands of the veteran, because the regulations allow him both avenues for appeal.

Drawing an analogy to habeas corpus review, the time that a prisoner properly spends appealing his conviction in state post-conviction review or any other collateral review does not count toward the one-year statute of limitations for habeas review.  We have held that an inmate's timely motion for rehearing in state court tolls the statute of limitations for habeas review.  *Sherwood v. Prelesnik,* 579 F.3d 581, 587 (6th Cir. 2009) (requiring that the motion be timely in accordance with state rules).  We see no reason to apply a different rule here.

In sum, so long as a party is properly and in a timely fashion pursuing exhaustion of administrative remedies, the statute of limitations is tolled.  The regulations, and consequently this Court, do not require the veteran to request reconsideration.  When a veteran chooses to forego reconsideration, the statute runs from the date of the original Board decision.  But if the veteran chooses to exercise the regulatory right to bring a timely administrative appeal, then the statute is tolled during that period.

Applying the articulated rule to the facts of this case, we hold that Davis' claim is time-barred.  The key fact is that Davis did not apply for reconsideration within the one year required by the regulations.  Because Davis did not raise his petition for rehearing to the Board until after the time allotted by the regulations, he was not legitimately still pursuing military administrative remedies.  Consequently, the Board reached its final decision on Davis' appeal on June 3, 1999 – the day that it denied his request to correct his military record.  By waiting until February 9, 2006, to institute this

action, Davis failed to bring suit within the six-year statute of limitations required by 28 U.S.C. § 2401(a).

Because Davis' claim is time-barred, we pretermit other issues.

Accordingly, the judgment of the District Court is AFFIRMED.