NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0183n.06

No. 20-5760

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| TIM HODGKINS; JULIE MARIA HODGKINS, | ) | **FILED** |
| | ) | Apr 13, 2021 |
| Plaintiffs-Appellants, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY FUDGE, Chief, Operations Division, | ) | ON APPEAL FROM THE |
| U.S. Army Engineer District, Louisville Corps of | ) | UNITED STATES DISTRICT |
| Engineers; UNITED STATES ARMY CORPS OF | ) | COURT FOR THE WESTERN |
| ENGINEERS, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

**BEFORE: WHITE, NALBANDIAN, and READLER, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Father and daughter Plaintiffs Tim and Julie Maria Hodgkins appeal the district court's dismissal of their action as barred by the Administrative Procedure Act's six-year statute of limitations, arguing that the district court erred in determining that Defendants' final agency action triggering the statute of limitations occurred more than six years before this action was filed. We **AFFIRM**.

**I.**

The shoreline at Rough River Lake in Kentucky is federal land that is managed by Defendant United States Army Corps of Engineers (USACE) under a Shoreline Management Plan (SMP). Walter and Dorothy Hodgkins owned two lots (lots 21 and 22) that abutted the Rough River Lake shoreline, and obtained a vegetation-alteration permit allowing them to maintain the shoreline adjacent to their property. USACE changed the scope of vegetation-alteration permits

in the 1994 version of the SMP, but allowed permits that were effective as of May 31, 1994 to "be grandfathered as to size and configuration for the lifetime of the permit holder or his/her spouse" or until "the sale or transfer of the [shoreline-]adjacent property," at which time the permit would be null and void. R. 8-2, PID 91. If the property is transferred, the new owner would have to apply for a permit under the then-current SMP guidelines.

Walter and Dorothy Hodgkins executed a deed transferring lot 22 to their granddaughter, Plaintiff Julie Maria Hodgkins, in December 2010. Julie's father, Plaintiff Tim Hodgkins, wrote an undated letter to Diane Stratton, Park Manager at Rough River Lake, seeking to renew the vegetation-alteration permit for lot 22. Stratton responded on February 15, 2012, informing Tim that the vegetation-alteration permit for lot 22 became null and void upon transfer of the lot, but that Julie could apply for a new permit. The SMP gives the applicant or permittee thirty days to appeal a decision revoking or denying a permit.[1] However, Walter, Dorothy, and Tim did not respond until July 2012, when they sent an affidavit explaining that Walter and Dorothy had actually transferred the property in 1994 but did not record a deed memorializing the transfer until December 2010. Patricia Hull, USACE Operations Manager, responded on August 3, 2012, upholding Stratton's determination that the lot 22 permit was a nullity and explaining that the agency can only consider recorded property transfers in making permit-validity determinations. Tim then wrote a letter to Rick Morgan, then-Chief of Operations Division, challenging Stratton and Hull's decisions. Morgan responded on September 24, 2012, denying Tim's appeal.

In July 2016, Tim was cited for unauthorized mowing and destruction of vegetation growth on public property for mowing below the government's property line on the contested shoreline. Tim paid a fine for the violation. On December 28, 2017, Eugene Dowell, then-Operations

---

[1] Plaintiffs do not contest that the February 15, 2012 letter from Stratton was a revocation or a denial of a permit triggering the thirty-day clock to appeal under the SMP.

Division Chief, wrote a memorandum to Stratton recommending reinstatement of the grandfathered permit. Later, Tim again requested that the grandfathered permit be reinstated, but Defendant Timothy Fudge, the Operations Division Chief at the time, rejected that request and informed Tim that he could apply for a new permit meeting the current SMP guidelines. Tim then retained counsel, who wrote another letter to Fudge asking him to reconsider. Fudge again denied the request.

On August 21, 2018, Plaintiffs filed this action under the Administrative Procedure Act (APA), 5 U.S.C. § 706, seeking (1) a declaration that denying the renewal of the vegetation-alteration permit was arbitrary and capricious and (2) an order that the permit be reissued. Defendants moved to dismiss, arguing that the six-year statute of limitations was triggered by Stratton's February 15, 2012 letter, and thus Plaintiffs' suit was time-barred. The district court agreed and granted the motion. Plaintiffs moved for reconsideration, arguing that the statute of limitations was tolled until the initial appeals of the February 15, 2012 decision were completed, which, they argued, occurred when Morgan denied their appeal on September 24, 2012. Noting that Plaintiffs did not raise this argument in response to the motion to dismiss, and that reconsideration may not be used to raise new arguments that could have been presented earlier, the district court denied the motion.

Plaintiffs appeal.

**II.**

We review de novo the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 785 (6th Cir. 2016). In reviewing the motion, we construe the complaint in the

light most favorable to Plaintiffs and accept all factual allegations as true.[2] *Dimond Rigging Co., LLC v. BDP Int'l, Inc.*, 914 F.3d 435, 441 (6th Cir. 2019). The determination that a complaint is barred by the statute of limitations is a conclusion of law that we review de novo. *Stein*, 821 F.3d at 786.

The parties agree that a six-year statute of limitations applies to Plaintiffs' claim and that the limitations period is triggered by a "final agency action." *See* 5 U.S.C. § 704 (providing that judicial review under the APA is available for "final agency action for which there is no other adequate remedy in a court"); *Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 964 (6th Cir. 2009) (explaining that an APA claim challenging agency action is governed by a six-year statute of limitations and that the limitations period begins to run upon the final agency action); *Sw. Williamson Cnty. Cmty. Ass'n, Inc. v. Slater*, 173 F.3d 1033, 1036 (6th Cir. 1999) (same). For agency action to be considered final, two requirements must be met: (1) "the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature"; and (2) "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 136 S. Ct. 1807, 1813 (2016) (internal quotation marks omitted) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)).

Plaintiffs argue that Dowell's December 28, 2017 memorandum to Stratton recommending reinstatement of the grandfathered permit is the final agency action triggering the statute of

---

[2] Many of the facts recited above are not alleged in the complaint. Rather, they are taken from exhibits that Defendants attached to their motion to dismiss, including Walter's permits, the lot 22 deed, Tim's unauthorized-mowing citation, copies of various versions of the SMP, and correspondence between the parties regarding the requested permit renewal. In their two-page response to Defendants' motion to dismiss, Plaintiffs briefly asserted that the motion to dismiss should be denied as an improper motion for summary judgment because it relied on these exhibits. The district court disagreed, concluding that all of the exhibits were properly considered on a motion to dismiss as either central to Plaintiffs' claims or as public records. Plaintiffs do not contest this aspect of the district court's decision and have therefore forfeited any such challenge. *See United States v. Johnson*, 440 F.3d 832, 845-46 (6th Cir. 2006).

limitations. Dowell's memorandum stated, in relevant part, that he "recommend[s] the subject [vegetation-alteration permit] be reinstated in Ms. Julie Hodgkins['s] name, with the understanding that the trees currently planted in the previously mowed area must be maintained." R. 8-18, PID 211. Plaintiffs point out that Dowell, as former Chief of the Operations Division, outranked Stratton, a park manager. Although Plaintiffs acknowledge that Dowell's letter was framed as a recommendation, they argue that a superior officer's "recommendation" in the USACE is in actuality an order to a subordinate.

Plaintiffs' argument is unpersuasive. As the district court explained, Dowell's memorandum meets neither of the requirements for agency action to be considered final. Dowell's memorandum was couched as a recommendation and addressed to Stratton, suggesting that Stratton or someone else needed to take additional actions to reinstate the vegetation-alteration permit. And Plaintiffs' argument that Dowell's recommendation was really an order to Stratton is belied by the continued subsequent denials of requests to reinstate the permit, which show that Dowell's recommendation was not "the consummation of the agency's decisionmaking process" but was "merely tentative or interlocutory [in] nature." *Hawkes Co.*, 136 S. Ct. at 1813. Further, Plaintiffs point to no "rights or obligations" that were determined by Dowell's memorandum, nor any legal consequences that flowed from it. *See id.* Plaintiffs still do not have the permit. Accordingly, we agree with the district court that Dowell's memorandum was not a final agency action.[3]

---

[3] Plaintiffs make much of the district court's apparent reference to Stratton as "higher up the decisionmaking chain," arguing that the district court was "operating under the fundamental misconception that a park manager 'outranks' the Operations Chief." Appellants' Br. at 10. Whether the district court misunderstood the chain of command does not impact our conclusion given all the other facts showing that Dowell's recommendation was not a binding determination and in no way affected the legal rights of the parties.

The district court concluded that, in contrast to the Dowell memorandum, Stratton's February 15, 2012 letter satisfies the requirements for final agency action because Stratton had the authority to and did declare the grandfathered permit null and void, rendering any additional alterations unauthorized and subject to citation, which was demonstrated by Tim's receipt of a citation for mowing the area. As the district court found, Defendants' "ability to reconsider the permit's nullification 'is a common characteristic of agency action, and does not make an otherwise definitive decision nonfinal.'" R. 11, PID 232 (quoting *Hawkes Co.*, 136 S. Ct. at 1814); *cf. Berry v. U.S. Dep't of Labor*, 832 F.3d 627, 633-34 (6th Cir. 2016) (reasoning that an agency's authority to reopen a claim at a later date does not render a decision nonfinal, but holding that the denial of a motion to reopen based on new evidence—a motion specifically authorized by regulation—was a final agency action and that the court could review the denial of the motion to reopen but not the merits of the initial decision denying benefits). Aside from arguing that Dowell's memorandum constitutes the final agency action, an argument we have rejected, Plaintiffs present no other argument as to why Stratton's letter does not constitute the final agency action, and we therefore have no basis to disturb the district court's conclusion.

Plaintiffs argue that the statute of limitations was equitably tolled until the completion of their administrative appeal, which they say was on September 24, 2012, when Morgan upheld Stratton's decision. While recognizing that our caselaw provides that an untimely administrative appeal does not toll the limitations period, *see Davis v. United States*, 589 F.3d 861, 865 (6th Cir. 2009), and that Tim's appeal of Stratton's decision was untimely, Plaintiffs argue that the statute of limitations was equitably tolled until September 24, 2012, because Hull and Morgan considered Tim's appeal on the merits rather than rejecting it on timeliness grounds. But Plaintiffs did not

make this argument in the district court in response to Defendants' motion to dismiss; they argued only that Dowell's memorandum, not Stratton's letter, was the final agency action.

After the district court granted the motion to dismiss, Plaintiffs moved for reconsideration on the basis that they filed a *timely* appeal from Stratton's decision, and thus the statute of limitations was tolled until the USACE adjudicated their appeal on September 24, 2012, making their complaint timely. Here, too, Plaintiffs failed to timely advance the equitable-tolling argument. The district court denied the motion for reconsideration, reasoning as follows:

> In their two-page motion, Plaintiffs do not assert any of the bases for reconsideration recognized in the Sixth Circuit, *see Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004), but argue that the Court incorrectly determined the date on which the relevant statute of limitations began to run. (*See* D.N. 12) Specifically, Plaintiffs argue that the statute of limitations was tolled between February 15 and September 24, 2012. (*Id.*, PageID # 235) They cite no authority in support of this argument, which is raised for the first time in their motion to reconsider. (*See id.*; D.N. 9 (arguing that "final agency action" occurred on December 28, 2017)) A party "cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 572 (6th Cir. 2016) (quoting *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 472, 476 (6th Cir. 2014)). Because Plaintiffs have not shown that "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice," reconsideration is not warranted.

R. 16, PID 247. Because Plaintiffs did not properly raise the equitable-tolling argument in the district court, they may not raise it here. *See Swanigan v. FCA US LLC*, 938 F.3d 779, 786 (6th Cir. 2019).

## III.

We affirm the district court's judgment.